## Will Campbell v. The State.

### No. 1577.   Decided February 28, 1912.

**1.—Manslaughter—Statement of Facts—Filing Back.**

Where, upon appeal from a conviction of manslaughter, it appeared from the record that the statement of facts was not agreed to and approved until more than thirty days after adjournment, but was filed back so as to come within the time of thirty days, the same could not be considered.

**2.—Same—Approval of Judge— Statement of Facts.**

Where the alleged statement of facts had not been approved by the regular judge who tried the case, but the same was approved by a special judge in vacation, the same could not be considered on appeal.

**3.—Same—Practice on Appeal—Presumption.**

In the absence of a statement of facts, the charge of the court must be presumed to be applicable to any state of facts that could be proved under the indictment.

**4.—Same—Manslaughter—Murder—Evidence.**

Where defendant was indicted for manslaughter and the evidence showed that it would have supported a verdict for murder, the conviction for manslaughter is, nevertheless, authorized.

**5.—Same—Newly Discovered Evidence.**

In the absence of a statement of facts alleged newly discovered evidence can not be considered on appeal.

Appeal from the District Court of Brazos.   Tried below before the Hon. J. C. Scott.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted by the grand jury, charged with the offense of manslaughter. He was tried, convicted and his punishment assessed at two years confinement in the State penitentiary.

Court convened on the 6th day of March, 1911, and adjourned on April 13, 1911, the Hon. J. C. Scott, the regularly elected judge presiding. Appellant was tried with Judge Scott as judge on March 23, 1911. It appears that subsequent to the trial of appellant, on April 3, 1911, Judge Scott was unable to attend court, and Hon. J. W. Doremus was elected special judge. As shown above, court adjourned on April

13, while the statement of facts was not agreed to and approved until the 27th day of May, more than thirty days subsequent to the adjournment of court, yet it bears file marks as if filed on May 8, nineteen days before it was agreed to by attorneys and the judge had approved same, thus bearing evidence on its face that the statement of facts was "filed back" which practice is absolutely prohibited by this court. It further appears that while this case was tried by Hon. J. C. Scott, the regular judge, the statement of facts is not approved by him, but is approved by special judge Doremus in vacation. Doubtless, Judge Doremus would have authority to approve statements of facts in cases tried by him, either in term time or vacation, but he would not have authority in vacation to approve a statement of facts in a case tried by Judge Scott. The statement of facts not being approved by the regular judge of the court, nor the judge who tried the case, and no reason given why it was done, and it also appearing that the statement of facts does not bear the true file mark, but was dated back, the same can not be considered for any purpose.

There being no statement of facts in the record that we can consider, and the rule of law being that if the charge of the court is applicable to any state of facts that could be proven under the indictment, this court presumes that the law and all the law applicable to the evidence was given in charge. The various grounds in the motion present no error. We might say, however, that the main contention of appellant seems to be that the appellant, having been indicted for manslaughter only, and the evidence, if showing any offense, proved a higher grade of homicide, the judgment is unauthorized by the evidence. It has been repeatedly held by this court that if the evidence would support a verdict for murder in the first or second degree, and appellant is prosecuted and convicted of manslaughter only, no such error is presented as could or would cause a reversal of the case.

There being no statement of facts, we can not consider the ground alleging newly discovered evidence. There is no way for us to determine whether or not the newly discovered evidence is material, the evidence on the trial not being before us in such shape we can consider same.

Judgment affirmed.

*Affirmed.*