## COLEMAN WARREN v. THE STATE.

### No. 8402.  Decided June 4, 1924.

**Simple Assault—Charge of Court—Different Degrees of Offense.**

Where defendant was charged with assault to murder and the evidence did not show the size of the knives used by the defendant or by which the size could be inferred from the character of the injuries inflicted, and the trial court submitted a charge on simple assault of which defendant was found guilty, there was no error under subdivision 2 of article 772 C. C. P., providing that assaults include all assaults of an inferior degree.

Appeal from the District Court of Nacogdoches.  Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of simple assault; penalty, a fine of ten dollars.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard, Attorney* for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County of simple assault, and his punishment fixed at a fine of ten dollars.

There are no bills of exception in the record but by exceptions presented to the charge of the court and duly certified by notation thereon of the fact that they were timely presented, appellant has brought before us the proposition that the court erred in his charge in submitting to the jury the law of simple assault, it being asserted

that the facts did not raise the issue of such assault, and that, therefore, it was error to submit it.

Reference to Article 771 of our Code of Criminal Procedure discloses the statement by the Legislature that where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree, but guilty of any degree inferior to that charged in the indictment or information. Appellar' was on trial for assault with intent to murder. Subdivision 2 of Article 772 of our C. C. P. provides that such assault includes all assaults of an inferior degree. The record discloses that assaults were made upon the prosecuting witness by appellant and his brother by the use of knives. We observe nothing in the record showing the size of the knives save as may be inferred from the character of the injuries inflicted. We are unable to see how one charged with crime may sustain a position before the appellate court that the trial court committed reversible error in giving to the jury a charge more favorable to the accused than was warranted by the facts. Appellant insists that the facts show him to be guilty of either an assault to murder or an aggravated assault. The learned trial judge did not agree with appellant but gave him in addition a charge on simple assault, which appears to us to be favorable to him. In Gatlin v. State, 86 Texas Crim. Rep., 339; 217 S. W. Rep., 698; and Campbell v. State, 65 Texas Crim. Rep., 418, 144 S. W. Rep., 966, we held that one convicted of an inferior grade of homicide could not here complain upon the proposition that the facts is evidence showed him to have committed a graver offense. We see no reason to apply to a conviction of simple assault a different rule from that applicable in those cases.

We have examined the other exceptions taken to the charge of the court but deem them to be too general and not to present any error calling for discussion or review at our hands.

The judgment will be affirmed.

*Affirmed.*