Phyllis Hall, alias Felicia Hall, v. The State.

No. 10373.   Delivered April 13, 1927.

**1.—Manslaughter—Evidence—Res Gestae—Properly Admitted.**

Where, on a trial for murder, resulting in a conviction for manslaughter, the state was permitted to prove declarations of appellant, made immediately after the killing, and others made a few minutes later, after her arrest, these declarations being clearly res gestae were properly received.

**2.—Same—Evidence—Held Sufficient.**

Having been convicted of manslaughter, appellant contends that the evidence does not raise that issue, and that the verdict is contrary to the evidence. Appellant's own testimony in support of her defensive theory of self-defense, also raised the issue of manslaughter, and the court properly so charged, and the evidence sustains the verdict.

Appeal from the District Court of Galveston County. Tried below before the Hon. J. C. Canty, Judge.

Appeal from a conviction for manslaughter, penalty four years in the penitentiary.

The opinion states the case.

*Elmo Johnson, Robert M. Turpin* and *Charles L. Black* of Galveston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant killed Raymond Walton. She was put upon trial for murder and convicted of manslaughter, four years in the penitentiary being assessed as the punishment.

Complaint is made because the court declined to direct the jury to acquit of murder. The verdict being for manslaughter no occasion to discuss this point arises.

The killing occurred in front of appellant's residence. The witness Mandrofsky observed deceased sitting in an automobile and appellant on the curb talking to him. The engine was running and the witness could not hear what was said. Appellant fired at deceased. Witness ran toward them but before he reached them she fired again. Witness grabbed appellant and while attempting to take the pistol from her deceased jumped out of the car and ran into an alley. About the time Mandrofsky succeeded in securing the pistol Officer Davis appeared. The latter testified that he heard the shots, hurried to the place and saw appellant and Mandrofsky "tussling" together; that just as he (Davis) reached them Mandrofsky released appellant; that he (Davis) asked what was the trouble, to which appellant replied that she did the shooting and if Mandrofsky "had not grabbed her she would have killed the G— s— of a b—." Appellant was excited, claimed that deceased had struck her in the mouth and showed the injury to Davis. Officer Moore was near and heard and saw the shooting, and saw deceased jump out of the car and run into the alley. He saw Mandrofsky tussling with appellant and Moore ran after deceased. About three minutes after the shooting Moore came back, at which time appellant was in her house with Officer Davis who had let her go in to get her coat. Moore heard appellant say at that time she shot deceased and wanted to kill him. Objection was urged to Officers Davis and Moore giving in evidence the statements made by appellant because she was under arrest. There is no merit in the objection. All the statements testified to by them were made at the scene of the shooting and within a few

minutes after it happened at a time when appellant was excited. They were clearly res gestae. The bill of exception complaining of Davis' testimony as to the statements made by appellant recites that Davis had testified that he saw appellant and *deceased* tussling together. It is immaterial whether the matter be considered from the standpoint of the bill which recites that this witness said it was appellant and *deceased* who were scuffling or whether from the standpoint of the statement of facts which shows that the witness testified it was appellant and Mandrofsky who were scuffling. The statement made by her under either event would be res gestae and therefore not objectionable.

Appellant contends that the evidence shows her not to be guilty of murder and does not raise the issue of manslaughter, and therefore the verdict of manslaughter has no support in the evidence. This position is not tenable. Appellant's version of the killing was that she and deceased had been living together; that he had frequently demanded money from her and beat her if she did not have it for him; that on the night of the killing she had demanded that he return to her a diamond pin which he had; that he refused and slapped her; that she went across the street to phone the chief of police, and as she was returning to her house deceased was in the car and demanded to know where she had been; that when she declined to tell him he threatened if she did not answer him he would "blow her brains out," got out of the car and came toward her; that she ran to the window and secured her pistol from the dresser, which was in reach of the window, and fired at him twice because she was afraid of him on account of the way he had beat her. Appellant was not supported in her testimony as to her actions and those of deceased at the immediate time of the killing, but was contradicted in that respect by all other witnesses. Therefore it is reasonable that her claim of self-defense was rejected by the jury. However, state's witnesses testified that deceased was frequently seen going into and coming out of appellant's house. No witness other than appellant undertook to say what was said between her and deceased immediately before the shooting. She had in some way received an injury to her mouth, which was still bleeding. The jury having found that she did not act in self-defense, then she was unquestionably guilty either of murder or manslaughter. If guilty of murder she could not be heard to complain that the verdict was for manslaughter. Under all the circumstances of the case the jury was not without support in the evidence in reaching a manslaughter verdict. They might

on very just grounds have concluded that appellant exaggerated her statement that when she fired deceased was approaching her under circumstances leading her to believe her life or person was in danger, but might have accepted the theory that he had previously mistreated and assaulted her and immediately before the killing had made such threats that, in connection with his previous conduct aroused in appellant a manslaughter passion, under which she acted.

We have considered all the questions presented in appellant's brief. Another point is raised by bill of exception in which we find no merit, and deem a discussion of it uncalled for.

The judgment is affirmed.

*Affirmed.*