### EDNA LITTLE V. THE STATE.

No. 18279. Delivered May 13, 1936.
Rehearing Denied (Without Written Opinion) June 17, 1936.

604

The opinion states the case.

*George W. Mills* and *R. L. Henderson*, both of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder without malice; the punishment, confinement in the penitentiary for one year.

H. B. Hill, the injured party, and appellant are negroes. It appears that they had been going together for some time. It was the version of the State that appellant resented the fact that Hill was paying attention to another negro woman. On the 15th of June, 1935, according to the testimony of the State, Hill was standing on the street talking to two negro women

when appellant approached, and, without warning, drew a pistol and shot him several times. Appellant testified that Hill was attacking her at the time she shot him and that she believed her life was in danger. It was her version that he had become angry with her because she had refused to associate with him. She testified that on several occasions he had assaulted her and inflicted serious bodily injury on her.

The indictment charged that the injured party's name was H. B. Hill. The proof showed that his real name was H. B. Zachery, but that he was known by both names. This was sufficient. Article 401, C. C. P., provides, in part, as follows: "When a person is known by two or more names, it shall be sufficient to state either name." See Johnson v. State, 71 S. W. (2) 280. In the charge, the court called upon the jury to determine whether the injured party was known by the name alleged in the indictment.

It is shown by bill of exception No. 4 that the rule had been invoked. In rebuttal, the State was permitted to introduce a witness who had not been subpoenaed and placed under the rule. Upon cross-examination appellant elicited from the witness the fact that she had sat in the court room and heard the entire testimony. She asserts that it was reversible error for the court to overrule her motion to withdraw the testimony of said witness from the consideration of the jury. The testimony of the witness tended to support the theory of the State that, in shooting the injured party, appellant was actuated by malice. The jury expressly found appellant guilty of assault with intent to murder without malice and assessed the punishment at confinement in the penitentiary for one year. Under the circumstances, we are unable to reach the conclusion that the testimony of the witness could have injured appellant. See Goree v. State, 293 S. W., 827, and Eason v. State, 232 S. W., 300.

By bill of exception No. 7 appellant complains of the action of the court in permitting the State to introduce certain testimony after appellant had rested. It is appellant's contention that said testimony was not in rebuttal. Be that as it may, the strict rule with reference to direct and rebuttal testimony is not enforced in this state in the trial of criminal cases. Townsley v. State, 281 S. W., 1054. The bill of exception fails to reflect reversible error.

The verdict of the jury read, in part, as follows: "We, the jury, find the defendant guilty as charged in the indictment and assess her punishment at confinement in the penitentiary

for a term of one year." With the consent of the jury, the court corrected the verdict to read as follows: "We, the jury, find the defendant guilty of assault to murder without malice, as charged in the indictment, and assess her punishment at confinement in the penitentiary for a term of one year." Appellant's contention that the court was unauthorized to make the correction can not be sustained. Under the terms of Art. 696, C. C. P., an informal verdict may be corrected, it being provided in said article that the jury's attention shall be called to the matter, and that, with their consent, the verdict may, under the direction of the court, be reduced to proper form. Wright v. State, 45 S. W. (2d) 981.

Appellant contends that the verdict is contrary to the law and the evidence, in that if the State's version of the transaction had been accepted the jury would have been bound to find her guilty of assault with intent to murder with malice; whereas, if her version had been accepted, she would have been acquitted on the ground of self-defense. Art. 694, C.C.P., provides: "In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included." Subdivision 9 of Art. 753, C. C. P., provides: 'A verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved." In Carter v. State, 51 S. W. (2d) 316, we held that a conviction for aggravated assault would be sustained though the evidence established the offense of rape. In Gatlin v. State, 217 S. W., 698, and Campbell v. State, 144 S. W., 966, it was held that a conviction of an inferior grade of homicide would be sustained notwithstanding the evidence showed a graver offense had been committed.

Bill of exception No. 1 relates to the action of the trial court in overruling appellant's first application for a continuance. The application is defective in failing to show the exercise of sufficient diligence. Again, the materiality of the absent testimony is not disclosed by said application. It is the rule that the burden is on the party seeking a continuance to show himself entitled to it by definite, exact and certain averments. Branch's Annotated Texas Penal Code, sec. 320; Giles v. State, 148 S. W. 322. The facts relative to the diligense used to secure the absent testimony must be stated in the application. Branch's Annotated Texas Penal Code, sec. 315; Giles v. State, supra. The witnesses were not served, and it is not shown when

the process was returned. It is stated as a conclusion that the testimony was material to appellant's defense. This was not sufficient. It was incumbent upon appellant to present an application showing on its face the materiality of the absent testimony. Perkins v. State, 46 S. W. (2d) 672.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.