**Bailey WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43437.**

Court of Criminal Appeals of Texas.

Feb. 10, 1971.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with two prior burglary convictions alleged for enhancement; the punishment, life.

Appellant's first contention is that the State failed to prove that the second bur-glary conviction alleged for enhancement, which was had in 1962, was committed after the first burglary conviction alleged for enhancement became final on March 24, 1961.

The indictment which resulted in the 1962 conviction, Cause Number D–8131–HI, charged that one Bailey Williams broke and entered a house belonging 'to Robert T. Hayes on July 11, 1962. Deputy Sheriff Thomas Earl Gunn, the State's fingerprint expert, testified that the fingerprints on file with the Department of Corrections in connection with that conviction were made by the appellant.

Patrolman Herman Reems testified that he arrested one Bailey Williams on July 11, 1962, after he saw Williams standing in the office of the Earl Hayes Truck Center, which was owned by Robert T. Hayes. He also testified that this arrest resulted in an indictment by the Dallas County grand jury for the offense, and that this indictment was given the cause number D–8131–HI.

▮ Appellant's primary point in this ground of error is that appellant was not shown to be the same man as the Bailey Williams arrested by Patrolman Reems. Upon examination of the entire record, we hold that the evidence is sufficient to show that appellant was the man arrested by Reems and that the second offense of burglary occurred after the first burglary conviction became final. Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Richardson v. State, Tex.Cr.App., 432 S.W.2d 100.

▮ Appellant testified at the guilt-innocence stage of his bifurcated trial. On cross-examination, the State's attorney asked him if he had been convicted of three prior felony offenses. Williams stated that he had not. This did not amount to impeachment and no further proof of the convictions was offered. We find no merit in appellant's contention that the court should have limited the jury's consideration of these alleged offenses.

In his ground of error number three, appellant argues that Art. 63, Vernon's Ann.P.C. is inconsistent with Art. 37.07, Vernon's Ann.C.C.P., which was subsequently passed by the Legislature. Art. 63, supra, provides that if two prior non-capital felony convictions are properly alleged and proved by the State, a life sentence shall be imposed. Art. 37.07, supra, provides:

"The verdict in every criminal action must be general. When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, they must find that the defendant is either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment *in all cases where the same is not absolutely fixed by law to some particular penalty.*"

We find no inconsistency between Art. 37.07, supra, and Art. 63, supra.

In his last ground of error, appellant, without citation of authority, contends that the trial court committed fundamental error by abstractly charging the jury as follows:

" * * * you are further instructed that neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits, or intoxicating liquors shall constitute any excuse for the 'commission of crime.'"

It is apparent that this was an effort to inform the jury of the provisions of Art. 36, V.A.P.C.

In regard to his intoxication, appellant testified that on the day of the burglary he had drunk cough syrup, a fifth of whiskey, five or six bottles of beer, and three pints of Thunderbird wine and that he had been drinking in this manner for three or four years. He testified that he did not know how he got into the service station, that he did not "bust down" the glass out of the door, that he did not go to the service station with the intent to take money from the place, and that when he was arrested, he thought that he "was at home." The arresting officer testified that appellant appeared to have been drinking but that he did not appear to be drunk at the time of the arrest. Dr. James P. Grigson performed a psychiatric evaluation of the appellant and determined that the appellant was below average in intelligence, that at the time of the crime, in his opinion, appellant knew the difference between right and wrong and the nature and consequence of his acts, and that it was possible for a person under the influence of a large amount of alcohol to have a lapse of memory to such an extent that he could be incapable of forming any intent.

In the absence of an objection to the above instruction, appellant must be found to have waived any error to the court's charge. Crowder v. State, Tex.Cr.App., 424 S.W.2d 637.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.