**Glenn Everett TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46019.**

Court of Criminal Appeals of Texas.

March 28, 1973.

Branch T. Archer, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A.

Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of murder without malice. His punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

Appellant's first ground of error is that the court erred in submitting to the jury the issue of murder without malice, for the reason that the evidence showed either murder with malice, viewed from the State's evidence, or self defense, viewed from the defendant's evidence, and did not show murder without malice.

■ In the absence of any objection to the court's charge made in the trial court, nothing is presented for review by this ground of error. Salas v. State, Tex.Cr. App., 486 S.W.2d 956 (1972); Williams v. State, Tex.Cr.App., 463 S.W.2d 15; Nilsson v. State, Tex.Cr.App., 477 S.W.2d 592.

■ Even if the contention were properly before us, appellant is in no position to complain that the court submitted the issue of murder without malice. Appellant agrees that the State's evidence was sufficient to show a case of murder with malice. The defense raised the issue of self defense. The court charged on murder with and without malice, and on the issue of self defense. Evidently, the jury did not accept appellant's evidence that he was acting in self defense in this homicide, for it found him guilty of murder without malice.

■ Since appellant testified, and the evidence shows without controversy, that he struck the blow that caused the death of deceased, the alternative of believing, or having a reasonable doubt of the self defense plea, was a conviction of murder.

■ Murder without malice is not a lesser included offense of murder. Galloway v. State, Tex.Cr.App., 420 S.W.2d 721. Article 1256, V.A.P.C., provides different punishments for murder with and without malice, but does not create two offenses. It creates only the single offense of murder. Galloway, supra.

■ Although there are no degrees of murder in our present law, but only degrees of punishment, the well established rule that a defendant cannot complain that the jury found him guilty of a lower degree of homicide than the evidence warranted is pertinent. Little v. State, 130 Tex.Cr.R. 603, 95 S.W.2d 141; Hall v. State, 106 Tex.Cr.R. 500, 293 S.W. 1112; Johnson v. State, 153 Tex.Cr.R. 59, 216 S. W.2d 573; Warren v. State, 97 Tex.Cr.R. 487, 262 S.W. 500; Campbell v. State, 65 Tex.Cr.R. 418, 144 S.W. 966; High v. State, 54 Tex.Cr.R. 333, 112 S.W. 939; Serna v. State, Tex.Cr.App., 105 S.W. 795.

Furthermore, we have examined the statement of the evidence and are satisfied that the trial court did not err in charging on murder without malice. Appellant's testimony of the manner of his getting involved in a fight with deceased, originating between deceased and appellant's brother, raised the issue of "anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection." Stapp v. State, 140 Tex.Cr.R. 669, 147 S.W.2d 256.

■ Appellant next complains of the admitting into evidence of a photograph, State's Exhibit No. 2, for the reason that said exhibit is a picture of a dead body.

Exhibit No. 2 is a black and white picture taken during the police officers' investigation before the body of deceased was removed from the scene of the killing. It depicted the scene where the offense occurred. It served to illustrate the relation of the location of the body to the fight area. It could very well have aided the jury in interpreting and understanding the witnesses' testimony concerning the fight between the parties. The photograph was not bloody or gruesome.

In Martin v. State, Tex.Cr.App., 475 S.W.2d 265, 267, this Court, speaking through Judge Odom, said:

"We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible."

See also Lanham v. State, Tex.Cr.App., 474 S.W.2d 197.

There was no error in admitting State's Exhibit No. 2 into evidence.

Judgment affirmed.

Opinion approved by the Court.