Gaylen Leon **BRAZILE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46260.

Court of Criminal Appeals of Texas.

July 17, 1973.

John K. Coil, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted for the offense of murder with malice; punishment was assessed at 99 years' confinement.

We are apparently faced with a case of first impression. Appellant's sole ground of error argues that reversible error was committed when he was denied the right, at the *punishment stage,* to recite his version of the facts and circumstances surrounding the homicide. His bill of exception reflects that he would have testified that he and the deceased got into an altercation outside a cafe, that the deceased started to pull a gun on him, and appellant grabbed it and took it away from him. Appellant went inside the cafe and sat down. The deceased entered the cafe, and appellant got up and started out. Appellant then shot him with the gun he had earlier taken away from him.

The defense called no witnesses at the guilt/innocence stage of the trial. When appellant tried to recount his story during the punishment stage as to how the shooting occurred, the State's objection was sustained. The court concluded that the facts of the case were closed at that point.

Appellant argues that the evidence was admissible, in light of Article 1257a, Ver-

non's Ann.P.C.[1] and Article 37.07, subd. 3(a), Vernon's Ann.C.C.P.,[2] in order to mitigate the punishment. The State counters that the exclusion of the testimony was not error since it "did not pertain to appellant's prior criminal record, his general reputation, or his character." See Art. 37.07, subd. 3(a), supra, n. 2. The State further argues that Art. 1257a does not apply to the penalty stage of a bifurcated trial, since it was enacted prior to the creation of the bifurcated trial system in Texas.

A decisive case in this area is Allaben v. State, 418 S.W.2d 517 (Tex.Cr.App.1967). It was there held error to exclude testimony at the punishment hearing which would have shown the accused's efforts to rehabilitate himself. This Court stated:

"Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible."

See also Tezeno v. State, 484 S.W.2d 374 (Tex.Cr.App.1972); Coleman v. State, 442 S.W.2d 338 (Tex.Cr.App.1969); distinguish, Williams v. State, 481 S.W.2d 119 (Tex.Cr.App.1972).

The case of White v. State, 444 S.W.2d 921 (Tex.Cr.App.1969) is cited by both the State and the appellant in this cause. In White, the defendant was charged with statutory rape; he complained that he was deprived of his constitutional rights at the penalty stage since he was not permitted to testify at that time about his relationship with the prosecutrix on and before the night of the rape, *in order to prove his character*. The majority held that no error was committed in refusing this evidence. The Court stated:

"The jury had found appellant guilty. Appellant did not offer this testimony at the guilt stage of the trial when he could have given his version of the facts. It has not been shown how this testimony would tend to prove appellant's character."

In a concurring opinion, Judge Onion cautioned against any interpretation of that case which would limit or restrict an accused's right to offer evidence legally and properly admissible to mitigate punishment or evidence that is relevant to an application for probation.

Certainly we can comprehend a situation, as the Court in White v. State, supra, must have, where, for purposes of trial strategy, the accused chooses to put on no evidence at the guilt/innocence stage and thus tests the strength of the State's case. If the accused is, in fact, found guilty, he might

---

1. Art. 1257a, V.A.P.C. states:
   "In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed. Provided, however, that in all convictions under this Act and where the punishment assessed by the jury does not exceed five years, the defendant shall have the benefits of the suspended sentence act."

2. Art. 37.07, V.A.C.C.P. states, in part:
   "3. Evidence of prior criminal record in all criminal cases after a finding of guilty
   (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

then attempt to raise all his defensive theories at the penalty stage.

That pure fact situation is not present in the instant case, nor was it present in White v. State, supra. There the accused's proffered testimony was that the act of intercourse with the fifteen-year-old prosecutrix was consented to. That testimony, though not an affirmative defense, would, in fact, have served to mitigate punishment, and would have been properly admissible at the penalty stage. See the recent case of Vasquez v. State, 491 S.W.2d 173 (Tex.Cr.App., 1973). However, the accused's objection was that the evidence was admissible to prove his *character*. No such complaint is made here.

In the present case, the appellant's testimony was, by statutory authority, admissible. Art. 1257a, V.A.P.C. The State concedes that the testimony would have been admissible at the guilt/innocence stage of the trial.[3] The only remaining question is whether appellant waived his right to bring forth such testimony by reserving it for the penalty stage.

Appellant was charged with murder with malice. The charge submitted to the jury at the conclusion of the guilt/innocence stage instructed the jury on both murder with and murder without malice. The record is silent as to any objections to that charge.

■ In the recent case of Foster v. State, 493 S.W.2d 812 (1973), this Court reiterated that in Texas degrees of murder no longer exist. See also Taylor v. State, 491 S.W.2d 922 (Tex.Cr.App.1973). All voluntary killings are murder, and the presence or absence of malice relates only to the punishment. Thus, it would appear proper to submit the issue of malice only during the punishment stage. In the

present cause, the jury had already resolved the issue of malice against appellant when they returned their finding of murder with malice after the guilt/innocence stage. Arguably, appellant's failure to object to the issue of malice being submitted at that stage of the proceedings precludes him from trying to submit the evidence at the penalty stage.

■ However, we have previously stated that the evidence clearly fell within the ambit of Art. 1257a, V.A.P.C. That statute does not limit itself solely to matters which might negate the issue of malice. It refers to *all* relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide for the jury to consider in determining the punishment to be assessed. See n. 1, supra.

■ The fact that appellant uniquely chose to wait until the penalty hearing to present this evidence cannot be held against him now. The fact is, a reading of Art. 1257a, V.A.P.C., would probably lead to the conclusion that the penalty stage is the *proper* stage in which to introduce such testimony.

Each case must necessarily be considered on its own facts in reference to what is admissible under Art. 37.07, subd. 3(a). But in the light of Art. 1257a, V.A.P.C., we conclude that the testimony in this cause should have been admitted. The only remaining issue to be resolved is whether such error can be called harmless. In light of the fact that no defense witnesses were called by appellant at the guilt/innocence stage, and considering the punishment assessed, we decline to so label it.

The judgment is reversed and the cause remanded.

---

3. Conversely, of course, the State argues its non-admissibility at the penalty phase. We recognize that Art. 1257a was enacted prior to the adoption of the new Code of Criminal Procedure. Regardless, we must conclude that Art. 37.07, subd. 3(a), V.A.C.C.P., in no way even attempts to enfeeble or circumscribe Art. 1257a, V.A.P.C.

MORRISON, Judge (concurring).

I wish to emphasize that appellant's claim in the case at bar is valid because the evidence he sought to introduce was mitigating in nature. Had he attempted to introduce evidence tending to exonerate himself or had he otherwise attempted to assert an affirmative defense, he could not prevail.

For this reason I concur in the reversal of this conviction.