**Sergio GUERRERO, Appellant,**

v.

**The STATE of Texas.**

**No. B14–81–512–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 13, 1983.

Rehearing Denied Feb. 10, 1983.

Randy Schaffer, Houston, for appellant.

James C. Brough, Asst. Dist. Atty., Houston, for appellee.

---

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

ROBERTSON, Justice.

The conviction is for murder; the jury assessed punishment at confinement for seventy (70) years and one (1) day. At issue on appeal are questions concerning the admissibility of evidence, argument by the prosecutor, effective assistance of counsel, sufficiency of the jury verdict, and sufficiency of the indictment. Because of our disposition of his third ground of error, it only needs to be discussed as it dictates reversal.

In his third ground of error, appellant contends the trial court erred in permitting his ex-mother-in-law "to testify that she was afraid to testify" against appellant because she had been threatened by his friends and relatives. Appellant, paroled from the penitentiary on December 4, 1980, was charged with the February 1, 1981, murder of his ex-wife's boyfriend by whom she was pregnant. Neither appellant's ex-wife nor his ex-mother-in-law testified during the state's case in chief. The only defense testimony was that of appellant admitting he shot the deceased but claiming self-defense. In rebuttal, the state called appellant's ex-mother-in-law. While it is true "the strict rule with reference to direct and rebuttal testimony is not enforced in this state in the trial of criminal cases," *Little v. State,* 130 Tex.Cr.R. 603, 95 S.W.2d 141 (Tex.Cr.App.1936), the only testimony she gave that could even be considered material in any manner to the facts of this case, and we do not find it to be material, concerned her and her daughter's (appellant's ex-wife) desire not to have appellant live with them after his release from the penitentiary. When the question concerning appellant's relatives and friends was first asked by state's counsel, the trial court sustained appellant's trial counsel's objection that the question was improper redirect. State's counsel then asked the witness if she was "afraid what might happen to you from Sergio's [appellant's] relatives and friends." The witness answered "Right;" appellant's counsel again object-ed; state's counsel passed the witness; the court did not rule on the objection; and there was short "re-cross" by appellant's counsel. The following then occurred on "re-direct:"

Questions by Ms. Burkhalter (state's counsel):

Q  Did the defendant's brother out here in the hall this morning threaten you?

A  (Witness nods head.)

THE COURT: His brother?

MR. ELIZONDO: (Defense counsel): Improper.

THE COURT: Overruled.

Q  (By Ms. Burkhalter) Right. Did he threaten you in the hall this morning asking you where you lived? Was he bothering you in the hall out there?

A  Yes.

Q  Did you not want to tell him where you lived?

A  No.

MS. BURKHALTER: No further questions.

### RE–CROSS EXAMINATION

QUESTIONS BY MR. ELIZONDO:

Q  How did he threaten you?

A  Saying too many things.

Q  He just asked you where you lived and you were threatened?  Yes or no.

A  He say all witnesses against Sergio, Sergio going to the penitentiary. But he going to do with his friend because all them carry guns.

Q  Is that what he told you?

A  Today he be calling at home.

Q  Today?

A  Everyday. Anytime he has time.

■  The state argues the general objection made by appellant's trial counsel preserves no error. We acknowledge this is the general rule. However, it is also recognized that if the evidence is inadmissible *for any purpose,* a general objection is sufficient. *Morris v. State,* 150 Tex.Cr.R. 58, 198 S.W.2d 901 (Tex.Cr.App.1947). Appellant relies upon *Nader v. State,* 86 Tex. Cr.R. 424, 219 S.W. 474, 476 (Tex.Cr.App.

1920), and we agree with the statement contained therein, "[T]here is no better settled rule in this state than that mere corruptive or compromising efforts, words, and acts of friends or relatives, attempted in behalf of an accused, whose own connection therewith does not appear, are not admissible against him." The state also urges appellant's trial counsel waived any error by eliciting further facts about the threats when he cross-examined the witness. While we recognize that the general rule may provide for waiver of objection under some such circumstances, we also recognize that when evidence is improperly admitted over proper objection the accused does not waive error if he offers testimony to rebut, destroy, or explain the improperly admitted evidence. *Thomas v. State,* 572 S.W.2d 507 (Tex.Cr.App.1976); *Alvarez v. State,* 511 S.W.2d 493 (Tex.Cr.App.1973); *Autry v. State,* 159 Tex.Cr.R. 419, 264 S.W.2d 735 (Tex.Cr.App.1954). We hold appellant did not waive his objection to this improperly admitted evidence by attempting to show the threats allegedly made were not as serious as the witness's answers might indicate.

There was no evidence tending to connect appellant with the threats allegedly made by his "relatives and friends." Therefore, the testimony was obviously inadmissible for any purpose, and we believe the trial judge so recognized this when he sustained appellant's first objection to this testimony. His latter ruling permitting the testimony was in error. Appellant's third ground of error is sustained.

The judgment is reversed and remanded for trial.