## REASONOVER v. REASONOVER.
### No. 8644.

Court of Civil Appeals of Texas. San Antonio.
Oct. 14, 1931.

Rehearing Denied Nov. 18, 1931.

Jas. P. Cogdell, of Fort Worth, and Greenwood & Lewis and A. N. Beem, all of Harlingen, for appellant.

Crane & Hartwell, of Raymondville, for appellee.

SMITH, J.

Appellee has filed a motion to strike appellant's briefs from the record and dismiss the appeal, for the stated reasons that appellee has never been served with notice of the filing of said briefs, or furnished with copies thereof. We overrule the motion. Appellant's briefs have been on file in this court since June 25, 1931, and could have been had by appellee at any time for the simple asking therefor.

The appeal is from a judgment refusing, upon proper plea in bar, to reopen cause No. 107, between the parties hereto in the court below, and to set aside and reform the judgment rendered in said cause on January 31, 1930. The record discloses that appellant had notice of the pendency of the former suit, made no effort to contest the same, filed no motion for new trial therein, did not appeal therefrom, and offered no excuse for these omissions. Appellant does not contend that the judgment against him was fraudulently obtained, or that he was prevented by fraud or otherwise from setting up or urging any defenses thereto, or that he had any defenses, or that he exercised any care whatever to protect his interests in that litigation, or to procure a new trial, or perfect and prosecute an appeal or writ of error against the judgment he now complains of, or to pursue any of the remedies amply afforded him by law in such cases. The trial court therefore did not err in abating this suit, and the judgment is affirmed.

### On Motion for Rehearing.

Appellant asserts that the judgment sought to be set aside in this action was void because appellant, as defendant in the original suit, was not served with citation therein full ten days before the return day of the term of court to which that process was returnable. It is sufficient to say in view of this contention that it appears from appellant's own pleading in this case that the judgment here attacked shows by affirmative recitations that

appellant "duly accepted service of citation and waived service and return on the same herein for the January term of said court, A. D. 1930, entered his appearance for said term of court"—which was the term at which the judgment here complained of was rendered.

Appellant's motion for rehearing will be overruled.