ESTANISLADO LOPEZ v. THE STATE.

No. 14967. Delivered March 16, 1932.
Rehearing Denied May 4, 1932.

The opinion states the case.

*M. J. Glarner* and *Orris N. McNeil,* both of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

The record shows that because of the disqualification of the regular judge of the district, an exchange of judges was agreed upon, and that the judge of the One Hundred and Third Judicial District of Texas presided upon the trial of this case. We see no irregularity or error in this procedure. In case of an exchange of benches by regular judges, no formal qualification upon exchange is necessary. The cases cited by appellant in his brief all have reference to special judges. The matter appears too plain to need further discussion. See article 553, C. C. P.; Hart v. State, 61 Texas Crim. Rep., 509, 134 S. W., 1178; Connellee v. Blanton (Texas Civ. App.), 163 S. W., 404. We find in the record no bills of exception or complaint of the charge of the court.

Appellant insists that the evidence is not sufficient to justify the verdict and punishment. We cannot agree to this. There is no question but that appellant struck deceased with the blade of an axe which was so embedded in the forehead of deceased by the blow as that it required the efforts of two men, after death, to remove the axe from the skull of deceased. One Garcia testified that he had a group of cotton pickers working for him, and that they lived in the same house. He said he saw deceased and appellant the afternoon before the night of the killing. The next morning he went to this house upon hearing of the trouble. Deceased lay with an axe sticking in his head, and all the men who stayed in the house were

present save appellant. Sheriff Snow went to Garcia's farm on the morning following the homicide. He had gotten word about four A. M. that a man had been killed at said farm. When he got there he saw deceased with an axe still sticking in his head, but not yet quite dead. He with others followed the track of a man leaving the place, and went some four miles, after which they returned and found deceased dead. They with some difficulty removed the axe from his head. Mr. Snow said the blade of the axe was sunk in just above the eyebrows of deceased and was driven straight into the man's head up to the eye of the axe. There was no question but that the blow was the cause of death. Appellant made a full and detailed confession, admitting that he struck deceased with the axe while the latter was asleep. The only reason advanced in the confession for the killing was that some time prior deceased had urinated upon appellant. In the confession appellant stated that deceased urinated in his, appellant's, face. Testifying as a witness, appellant changed this statement in this regard and said he was mad at deceased because the latter had urinated upon his back. It is suggested in the brief that the court should have submitted the issue of murder without malice, and should have given in charge the substance of chapter 60, Acts 42nd Legislature, Regular Session (Vernon's Ann. P. C., art. 1257c), applicable to a homicide committed under the immediate influence of sudden passion. Appellant pleaded guilty. The court submitted murder both with and without malice. There was no exception to the court's charge for its failure to submit the provisions of said chapter 60. Such omission was not an error of fundamental character, if error at all. Certainly the provisions of said chapter are no more sacred than any other part of the law, and in the absence of an exception to the court's failure to give the same, it would not be reversible error. Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W. (2d) 263; Arcos v. State, 120 Texas Crim. Rep., 315, 29 S. W. (2d) 395. See article 658 (as amended by Acts 42nd Legislature [1931], chap. 43, sec. 5, [Vernon's Ann. C. C. P., art. 658]), and articles 659-666, C. C. P.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The term of the criminal district court of Willacy county was held in August, 1931. The Honorable George C. Westervelt was judge of the court, but was disqualified to try the case of the appellant Lopez. An exchange was effected whereby the Honorable A. M. Kent, judge of the 103rd Judicial District Court, presided over the criminal district court sitting in Willacy county during the trial of the appellant.

The point raised for the first time upon appeal is the contention that

the judgment should be reversed because the record fails to show that the Hon. A. M. Kent took the oath of office required upon the appointment or election of a special judge of the district court as prescribed by article 555, C. C. P., 1925. For precedents holding that where a special judge is elected or appointed, the making and recording of the oath is essential. See Vernon's Ann. Tex. C. C. P., 1925, vol. 1, p. 480.

The case of Hull v. State, 50 Texas Crim. Rep., 607, 100 S. W., 403, 404, was one in which the following, in substance, took place: Judge Gillaspie was judge of the criminal district court of Galveston and Harris counties, and Judge Fisher was judge of the 10th Judicial District composed of Galveston county. During the term of court at which Hull was tried for murder in the criminal district court sitting at Galveston, there was an exchange of benches, Judge Fisher presiding in the criminal district court in lieu of Judge Gillaspie. The validity of the exchange under the authority of Judge Fisher, who was judge of a regular district court, was assailed upon various grounds. The Court of Criminal Appeals, holding the contention unsound, used the following language: "It is true, in Galveston County, until otherwise provided by law, the criminal court has exclusive criminal jurisdiction in all cases of felony; but this does not contravene the inherent power of a district judge to try criminal cases in said criminal district court. No doubt a district judge of some other district than Galveston might sit in said criminal district court, and we understand the inherent power of a judge of the 10th Judicial District to be equal to that of any other district judge under our Constitution. We accordingly hold that the judge of the 10th Judicial District Court was authorized to sit as judge of said criminal district court and try said case."

This ruling is compatible apparently with article 8, section 5, of the Constitution, declaring that the district court shall have original jurisdiction in all criminal cases of the grade of felony; also with article 7, section 5, defining the powers and duties of the district judge. The ruling in the Hull case, supra, is regarded as decisive of the unsoundness of the appellant's contention.

The case of Reasonover v. Reasonover (Texas Civ. App.), 43 S. W. (2d) 174, apparently has no bearing upon the question mentioned.

Upon the record before us, we are constrained to overrule the motion for rehearing. It is so ordered.

*Overruled.*