JOHNNY PHILLIPS v. THE STATE.

No. 15498. Delivered February 1, 1933.
Reported in 57 S. W. (2d) 109.

The opinion states the case.

*Lamar Bethea,* of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault with intent to murder; the punishment, two years in the penitentiary.

It appears from the evidence that the appellant, the injured party, and another were engaged in shooting craps. A dispute arose between the appellant and the injured party, and the injured party picked up a pair of scissors which he contended was for the purpose of defending himself against the appellant. The injured party contended that he put down the scissors and started to leave the room, and when he did so the appellant attacked him with a knife and cut him in the back and arms. The defense was that the injured party had applied vile epithets to the appellant during the discussion, and had made an attack upon him, and the cutting of the injured party by appellant was in his own self-defense.

There are no bills of exception in the record. The court

charged the jury: "That if the jury believed from the evidence beyond a reasonable doubt that the defendant, Johnny Phillips, on or about the time charged in the indictment, in the County of Brazos, State of Texas, with a deadly weapon, did assault the said James Woods with the intent then and there to kill him by the means charged in the indictment, and not in defense of himself against an unlawful attack, that they would find the defendant guilty of assault with intent to murder and assess his punishment at confinement in the state penitentiary for a term of not less than two years nor more than 15 years." The court further charged the jury: "That if they believed from the evidence that defendant was guilty of an assault, but had a reasonable doubt as to whether such assault was with malice aforethought with intent to murder, then they would acquit him of that offense and next consider whether he was guilty of aggravated assault or whether he was justified in his acts." The court then submitted to the jury the issue of aggravated assault and also the issue of self-defense.

The undisputed evidence shows that the cutting occurred on the 16th day of August, 1931. The trial court nowhere in his charge submitted the issue of assault to murder with or without malice aforethought. and nowhere in his charge defined malice aforethought. It is the contention of appellant in this case that, notwithstanding the fact that no exceptions are taken to the court's charge, the trial court committed fundamental error in failing to charge the provisions of Chapter 61, Acts of Regular Session, 42nd Legislature (Vernon's Ann. P. C., art. 1160), which act became effecitve April 17, 1931, which was prior to the offense charged in the indictment.

Article 1160, as amended by said act, provides: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided, that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary; if the assault be made with a bowie-knife, or dagger, or in disguise, or by laying in wait, or by a shooting into a private residence, the punishment shall be doubled."

The act further provides that upon the trial of any person for assault with intent to murder, the court, in its charge to the jury, shall define malice aforethought, and, in a proper case, murder without malice, and instruct the jury touching the application of the law to the facts. It is further provided that

all laws or parts of laws in conflict with the provisions of this act are hereby repealed.

The appellant submits, in support of his contention that the failure to submit the provisions of the amended act is fundamental error, the case of Villa et al. v. State, 53 S. W. (2d) 1023. In that case the appellants were convicted of assault to murder and their punishment fixed at six and two years respectively, to which charge the appellants both pleaded guilty. The appellants in that case testified that they acted in self-defense. We quote in part from the opinion of Judge Lattimore in said case: "By an act which became effective April 17, 1931, which is Chapter 61, Acts Regular Session, 42nd Legislature (Vernon's Annotated P. C., Art. 1160, Sec. 2), it is provided that upon the trial of any person for assault with intent to murder, the court, in its charge to the jury, shall define malice aforethought, and in a proper case murder without malice, and instruct the jury touching the application of the law to the facts. It is further provided in said act that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary. In his charge to the jury in this case the learned trial judge failed to take any note of this change in the law of assault with intent to murder, and it becomes our duty to determine whether, even though no exception was taken to the failure of the court to give such charge, the failure is such as to demand of this court a reversal of the judgment."

After discussing the effect of the plea of guilty and the duty of the court in regard thereto, the court in the opinion further states: "In the case before us, we are convinced that it was error for which the case must be reversed, to fail to submit to the jury an instruction in regard to malice aforethought, and to further instruct them that unless they believed the assault in question was upon malice aforethought, or in case they had a reasonable doubt of such fact, the punishment of the parties accused should be by confinement in the penitentiary for not less than one nor more than three years."

Following the law as laid down in said case, we are constrained to hold that the trial court committed reversible error in failing to instruct the jury in accordance with the terms of the amended law on assault to murder; even though no exception was taken to the failure so to do.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

LATTIMORE, JUDGE.—We did not intend in Villa's case, supra, to change the rule adhered to in Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W. (2d) 263; Arcos v. State, 120 Texas Crim. Rep., 315, 29 S. W. (2d) 395; Johnson v. State, 120 Texas Crim. Rep., 368, 48 S. W. (2d) 274; Lopez v. State, 120 Texas Crim Rep., 393, 49 S. W. (2d) 462, but intended to hold it fundamental error for the court below to omit from his charge any instruction under which the jury might have infficted a penalty lower than was allowed under the charge as given—said lower penalty being fixed in a recent law—the proper presentation of which in the charge in an applicable case would have necessitated a definition therein of murder with malice aforethought and of murder without such malice.