F. M. BIRCHFIELD V. THE STATE.

No. 15842. Delivered May 3, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 444.

The opinion states the case.

*Bartlett & Bartlett,* of Linden, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Morris Whetstone by shooting him with a gun.

R. H. Sasser, deceased, and the two-year-old child of deceased were riding in an automobile on a public highway. It had been raining and the road was slippery. The ruts were deep, and it was with difficulty that cars could, in passing, be pulled out of the ruts. Appellant's car approached that of deceased. Appellant pulled his car out of the ruts in an effort to pass deceased. Deceased did not succeed in pulling his car to the right, and, when the cars met, appellant's bumper became locked under the rear fender of deceased's automobile. A controversy arose, and appellant, who had a pistol in his

automobile, fired two shots at deceased; the second taking effect in his back. Death resulted almost immediately.

According to the testimony of the state, deceased was making no demonstration toward appellant at the time he was shot. His hands were down by his side and he was standing talking to appellant. Standing on the running board of his car, appellant fired a shot at deceased, and, as deceased turned and walked a few steps away, appellant shot him in the back. Deceased was not armed.

Appellant testified that deceased used some profanity toward him when the cars collided. He said it was deceased's fault that the cars were unable to pass, as deceased would not pull out of the ruts. Further, he testified that deceased told him that he was a federal officer and that he had his credentials in his car. He said that as deceased made this statement to him he (deceased) turned and walked toward his car and then came back toward him. He testified that when deceased mentioned "credentials" he understood that he was talking about a gun. He said that as deceased approached him again he ordered him to stop, but he kept coming toward him. He testified that deceased had his hands close to his pockets as he approached, and that, believing deceased was going to kill him, he shot two shots in rapid succession. He declared that he was excited at the time he fired the shots.

Appellant's testimony was coroborated by the testimony of other witnesss.

Witnesses for the state testified that they did not hear deceased tell appellant that he was a federal officer. All of the state's witnesses denied that deceased made any demonstration toward appellant.

The court gave an abstract definition of "murder without malice," and advised the jury, in substance, that if they had a reasonable doubt as to whether appellant acted upon his malice aforethought his punishment could not be assessed at more than five years confinement in the penitentiary. Notwithstanding appellant failed to except to the charge of the court for its failure to apply the law of murder without malice to the facts, he urges that a reversal should follow, contending that the error is fundamental. In Lopez v. State, 49 S. W. (2d) 462, it was suggested in the brief that the failure of the court to submit the issue of murder without malice and apply the law to the facts was fundamental error, requiring a reversal. In deciding the question adversely to the appellant's contention, Judge Lattimore, speaking for the court, used language as follows: "There was no exception to the court's charge for its failure

to submit the provisions of said chapter 60. Such omission was not an error of fundamental character, if error at all. Certainly the provisions of said chapter are no more sacred than any other part of the law, and, in the absence of an exception to the court's failure to give the same, it would not be reversible error. Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W. (2d) 263; Arcos v. State, 29 S. W. (2) 395 * * *."

As shown in bill of exception No. 1, the court refused to give appellant's requested instruction to the effect that the term "adequate cause" included attempting to make, or the making of, an illegal arrest. Since the repeal of the statutes defining manslaughter the court is not required to define the term "adequate cause" other than as same is defined in chapter 60, Acts 42d Leg., Regular Session. In said chapter it is declared, in substance, that by the term "adequate cause" is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection. In the main charge the court gave the definition embraced in the statute.

Bill of exception No. 2 recites that while the district attorney was discussing the question as to who was responsible for the collision, he stated to the jury in argument that he had gone over to the scene of the collision and measured the width of the road and the ruts, and that the ruts were on the north side of the road. It is further recited in the bill that appellant objected to the argument on the ground that it constituted original evidence in the case by the district attorney, who was not under oath and who had not testified. The bill shows that the court sustained the objection and instructed the jury not to consider the argument for any purpose, and further that the district attorney, in person, withdrew the argument from the jury. The bill fails to show that the statement was obviously prejudicial. Such statement might have related to a matter of little materiality. If the statement of facts should be consulted, the opinion is expressed that, under all the circumstances reflected by the record, the argument should not work a reversal. It is the rule that unless the remarks are obviously of a nature to impair the rights of the accused or to improperly prejudice his case before the jury, such remarks, although improper, will not be considered cause for reversal when they are withdrawn and the jury instructed not to consider them. Branch's Annotated Penal Code, sec. 362; Miller v. State, 27 Texas App., 63; Mathews v. State, 23 S. W., 690; King v. State, 24 S. W., 514.

Bills of exception 4 and 5 relate to the closing argument of the district attorney. In the first of these bills it is shown

that the district attorney stated, in effect, that appellant's plea of self-defense was not substantial, but a mere "courthouse plea," and that it was a travesty that the defense was taking the time of the court and of the jurors in presenting such a flimsy defense. It is recited that appellant objected to the argument because of the fact that it was prejudicial. It is not shown in the bill of exception that the court took any action on the argument. As far as the bill is concerned, it might have been withdrawn from consideration of the jury. In any event, if the argument was improper, we would not feel inclined, under the facts of the case, to hold that it was of such prejudicial character as to warrant a reversal. The second of these bills sets forth an argument as follows: "If I had done such a thing I would have come in here and thrown myself down in sack cloth and ashes before you; we gave Birchfield a chance to say he was partially intoxicated when he did the shooting, which would have been some mitigation of it, but he didn't. At least he could have said, 'I am guilty as can be; you can do as you please with me, but you can not do half to me what my conscience is doing to me' but instead he comes in here with this brazen defense."

This bill recites that the argument was objected to upon the ground stated in the bill, but fails to show whether or not the court sustained the objection. As far as the bill reflects the matter, an effort may have been made during the taking of testimony to elicit from appellant that he was drinking at the time the accident occurred.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We find nothing in this record showing any attempt on the part of deceased to arrest appellant, or any fact which would bring the case at all in line with what we said in Stanfield v. State, 38 S. W. (2d) 94.

Complaint is made that we did not discuss bills of exception 2 and 3. Bill 3 sets out argument of special prosecutor objected to, but wholly fails to bring forward facts by which we may determine from the bill itself whether the objections were tenable. Bill 2 shows a statement of facts in argument, as being within the personal knowledge of the special prosecutor,

relating to ruts on the road where the homicide occurred. The objection to this was sustained, and the argument was withdrawn. The question of ruts seems of no great importance as we view the record.

We are unable to agree with the contention that the evidence does not support a verdict of guilty of murder upon malice. Defense witnesses swore to contradictory facts and statements, and the jury evidently did not give them credence. The state witnesses make out a clear case of murder with malice.

The motion for rehearing will be overruled.

*Overruled.*