ANDREW STEWARD V. THE STATE.

No. 16924.  Delivered October 10, 1934.
Reported in 75 S. W. (2d) 113.

The opinion states the case.

*Newman & McCollum,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment being three years' confinement in the penitentiary.

The assaulted party was Minnie Steward, wife of appellant. She was the only witness used upon the trial, appellant not testifying nor offering any witness. Mrs. Steward's testimony makes the following case for the State. The assault occurred on Tuesday morning. On Monday before, appellant had gone to town and when he came back insisted that his wife go and collect one dollar and sixty cents which appellant claimed was due him from someone. So far as we are able to determine from the record her refusal to do so was the only cause of appellant's subsequent conduct. When she declined to go he tore all her clothes off with an ice pick, and got a shot gun and threatened to shoot her with it. Late that afternoon appellant, his wife and their two children went to the home of her father. About dark the father and brother, at appellant's request, took him home, prosecutrix and the children remaining at her father's. About eleven o'clock that night appellant returned to his father-in-law's house and insisted on his wife going home with him. He made threats at this time that he would blow her brains all over the town, making a demonstration as though to draw a gun. His father-in-law then presented a pistol at him, telling appellant he could not harm his wife. After appellant, seemed to have changed his attitude his father-in-law laid the pistol aside. His wife finally did go home with appellant, but left the children at her father's. She said she was afraid to go by herself and her brother, who was about nineteen years old, went with them. About five-thirty the next morning she returned with her brother to her father's house to get the children. She returned home about ten o'clock, her brother accompanying her, but she did not take the children with her. When they arrived at home appellant was sitting on the doorstep; he refused to let his wife enter the house, but pushed her away, ran in the house and secured a single barrel shotgun, whereupon appellant's wife ran one way and her brother another. When she was about twenty steps away appellant fired at her, some seventy or eighty shot striking her, most of them in the shoulders, but some in the side of the head and some few in other portions of the body.

In his instructions to the jury the court defined "aggravated assault," "murder," and "malice aforethought," and instructed the jury if they found beyond a reasonable doubt that with malice aforethought and with intent to kill Minnie Steward appellant assaulted her they would find him guilty and assess his punishment at confinement in the penitentiary for not less than two nor more than fifteen years. The jury was further instructed that appellant could not be convicted of assault with intent to murder unless they should find from the evidence beyond a reasonable doubt that he shot Minnie Steward with the specific intent to kill her, and that if they had a reasonable doubt upon this point they should find him guilty of aggravated assault. The court did not charge upon assault to murder without malice. No exception was reserved to the court's charge for the failure to give such instruction and no special charge on the subject was requested. In his motion for new trial appellant insisted that the failure to charge on assault to murder without malice was fundamental error, and that even in the absence of an exception to the charge for the omission of such instruction appellant should have been granted a new trial, and that having been refused, this court should reverse and remand the cause. In support of his contention appellant cites Villa v. State, 53 S. W. (2d) 1023; Phillips v. State, 57 S. W. (2d) 109.

In passing upon the motion for rehearing in the latter case we attempted to make it clear that we did not intend by what was said in Villa's case (supra) to change the rule announced in Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W., 263; Arcos v. State, 29 S. W. (2d) 395; Johnson v. State, 48 S. W. (2d) 274, and Lopez v. State, 49 S. W. (2d) 462, regarding the necessity for excepting to the court's charge. The language of the amendment to the murder statute (article 1160, P. C.) Acts 1931, 42nd Leg., ch. 61, p. 95, very clearly shows, we think, that it was never the intention of the Legislature by such amendment to make it necessary in every case, regardless of the facts, for the court to charge upon an assault to murder without malice. The language employed in sec. 2 of such amendment reads as follows: "Upon the trial of any person for assault with intent to murder, the court, in its charge to the jury, shall define malice aforethought, and in a *proper case* murder without malice, and instruct the jury touching the application of the law to the facts."

If the facts did not raise the issue of assault with intent to murder without malice, it would not be error for the court

to refuse to charge upon such issue even in the face of an exception complaining of such omission. We have not been able to discover from the facts before us in the present record anything raising the issue of assault to murder without malice. If appellant had any sort of affirmative defense, or any excuse for the assault upon his wife which would have mitigated the character thereof he did not attempt to show it either by his own testimony or that of any witness.

In bill of exception number one appellant complains because the court permitted the State to show by appellant's wife that the day before the shooting he had struck at her twice with an ice pick and threw things at her, threw the dishes out, got a shot gun and said he was going to kill her. Objection to this testimony was interposed on the ground that it showed a separate and distinct offense than the one for which appellant was upon trial, and shed no light on it, and was totally disconnected with it and therefore the testimony objected to was calculated to inflame the minds of the jury against appellant.

The principle controlling under such circumstances is concisely stated by Mr. Branch in his Texas Annotated Penal Code, in section 1881, p. 1045, in which he says that: "Antecedent menaces, prior assaults, former grudges, and former quarrels between the parties may be proven to show the state of mind and malice of the accused at the time of the alleged offense, and to establish a motive for its commission." And more especially, in the second subdivision, he says: "When defendant is on trial for the murder of his wife or for an assault with intent to murder her, proof of a course of ill-treatment, slights and indignities, of previous assaults, and of separation, may be made to prove malice and motive." Many authorities are cited in support of the text. We cite only Hall v. State, 31 Texas Crim. Rep., 565.

Bill of exception number two brings forward complaint that prosecutrix was permitted to testify over objection that she had a little boy about eight years old who was present on Monday when appellant made an assault upon prosecutrix with an ice pick, and that appellant drew a gun on the little boy twice. Objection to this testimony was urged upon the same grounds that the testimony set out in bill of exception number one was resisted. If we do not misapprehend the statement of facts, appellant's conduct in drawing the gun on the little boy occurred on Monday at the time he made an assault on prosecutrix with the ice pick, and threatened prosecutrix with the gun. It seems to have been a part of the same transaction,

proof of which was admitted by the court upon the issue of malice and intent on appellant's part. We observe no error on the part of the court in the ruling complained of.

The judgment is affirmed.

*Affirmed.*