BEAUTIE BELLE STEPHEN V. STATE

No. 28,345. June 13, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*Ernest S. Goens,* and *R. G. Vial,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *A. D. Bowie* and *George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice; the punishment, two years.

The state relied upon the appellant's confession, which recited that she stabbed her husband with a knife and "kept on cutting him until we was in the street" and then went back in the house and put the knife in the dresser drawer. There were certain statements in the confession to the effect that the deceased was hitting her with a stick at the time she cut him with her knife, but, aside from them, it does contain the admission that she cut her husband several times and it was shown by other testimony that he died from such wounds.

The appellant did not testify in her own behalf but offered her neighbor as a witness, who stated that the deceased and the appellant were fighting in the yard and that the deceased was striking the appellant with a board and that she cut him with a knife "when she had a chance to get up on him."

We shall discuss the contentions advanced by eminent counsel in his brief.

Appellant contends that the state failed to show to be untrue the exculpatory statements in the confession. He relies upon two cases: Wooley v. State, 162 Tex. Cr. Rep. 378, 285 S.W. 2d 218, and Montalbo v. State, 145 Tex. Cr. Rep. 140, 166 S.W. 2d 694. The Wooley case merely reiterates the rule so ably set forth in Otts v. State, 135 Tex. Cr. Rep. 28, 116 S.W. 2d 1084, to the effect that where the state relied upon and introduced in evidence the confession of an accused to establish his guilt, it is bound by the exculpatory matters contained therein until they are shown by the evidence to be untrue, *and under such circumstances it is the duty of the court to so instruct the jury.* The Wooley and Otts cases were reversed because of the failure of the trial court to amend his charge so as to properly instruct the jury as to the effect of the exculpatory statements so introduced. There were no objections to the court's charge in the case at bar, and therefore the Wooley case is not here controlling.

The Montalbo case presents another matter. In that case, the majority held that, even though the court did so instruct the jury, the evidence was still insufficient to support the conviction because the state had failed to prove the falsity of the exculpatory statements. In that case, the confessions of Lopez and Domingo both stated that they had left the scene prior to the time

Roquet sustained the knife wounds, and the evidence failed to show that they were parties to a preconceived plan to murder Roquet.

In the case at bar, the confession does not say that the appellant cut the deceased because she was in fear of death or serious bodily injury or that she feared she would sustain any injury at all at the hands of the deceased. It merely states that the deceased struck her with his fist and then later, as they were fighting, that he hit her with a stick. The size and weight of the stick are not shown. The court charged fully on the law of self defense, both as to a serious and lesser attack, and we have concluded that the evidence is sufficient to sustain the conviction.

Appellant next contends that the witness Estelle was permitted to give hearsay testimony.

An examination of the bill does not support appellant's contention that the witness was permitted to testify that someone else told Estelle what the appellant had said.

By Bill of Exception No. 3 complaint is made of Estelle's testimony to the effect that the appellant had some six years prior to the homicide stabbed the deceased three times on the grounds that such incident was too remote. We observe that Article 1257a, V.A.P.C., authorized proof of the previous relationship existing between the accused and the deceased, and this court in Paschal v. State, 76 Tex. Cr. Rep. 464, 174 S.W. 1057, held that prior acts of violence by the appellant against the deceased were admissible even though they had occurred some eight years prior to the time of deceased's death at the hands of the appellant.

Bill of Exception No. 4 seeks to raise the question of the admission into evidence of a "bloody shirt" taken from the body of the deceased. A search of the entire record fails to reveal any certificate from the trial court that the shirt introduced in evidence was in fact "bloody." We cannot accept the grounds stated in the appellant's objection as a certificate of the existence of such facts. Garza v. State, 157 Tex. Cr. Rep. 6, 246 S.W. 2d 635.

Bill of Exception No. 5 relates to an alleged expression of an opinion by a witness as to the condition of deceased's shirt-tail. We have concluded that the testimony complained of was

no more than a shorthand rendition of the facts on a question not in issue.

Finding no reversible error, the judgment of the trial court is affirmed.