### FLEMING BROWN, JR. V. STATE

No. 33,325 and 33,579. June 24, 1961
Appeal Reinstated October 18, 1961

*Harold Clark, Jr.,* Sherman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION TO REINSTATE

BELCHER, Judge.

By supplemental transcript the record has been perfected and the appeal is reinstated.

The testimony of the state shows that the appellant and the deceased has been keeping company with each other for six or eight months, that she had told him she no longer desired his company, but he was very jealous and said he would not give her up to another man. On December 14, appellant said that if he had had a gun on her birthday (December 8) he would have killed her. Shortly after 12:30 P.M., December 15, the appellant purchased a pistol and some whisky, drove into a rural area where he tested the pistol by shooting it several times. Then he went to see the deceased, who was at her sister's home, and while talking with the deceased he shot her in the left temple, the bullet passing through her brain and severing part of the spinal cord causing her death. In a brief time appellant surrendered to the sheriff, told him that he had killed the deceased and directed him to the pistol that he used.

The written statement of the appellant made December 16 was introduced by the state in making out its case in chief. It shows that appellant was jealous of the deceased, that they had had many quarrels, that he had threatened to kill her several times before he shot and killed her. The statement substantially corroborates the evidence of the state.

Appellant, testifying in his own behalf, admits that he shot and killed the deceased but states that the pistol was accidentally discharged. He states that while the deceased was removing some clothes from a closet, that as she turned she said move that thing (pistol) and she hit his hand causing the pistol to discharge and the bullet struck her in the face, and she slumped

to the floor. He said he told the sheriff it was an accident when he surrendered. He denied that he intentionally shot her, that he had made any threats, and that he bought the gun to kill her. Appellant called several witnesses whose testimony showed that he bore a good reputation.

The court instructed the jury to acquit the appellant if they believed or had a reasonable doubt as to whether the pistol was accidentally discharged thereby killing the deceased.

Appellant contends that the trial court erred in admitting in evidence his written statement made December 16 showing previous quarrels and threats, and that he had cut the deceased on the wrist with a knife about three months before on the ground that such acts were inflammatory and prejudicial.

Art. 1257a, authorizes proof of the previous relationship existing between the accused and the deceased, together with all revelant facts and circumstances going to show the condition of the mind of the accused at the time of the killing. 1 Branch 2d., Secs. No. 2206-2224; Stephen v. State, 163 Tex. Cr. R. 505, 293 S.W. 2d 789. Further, another written statement of the appellant which was made on the night of December 14 was introduced in evidence without objection. The contents of the two statements are substantially the same. By agreement of the parties both statements were sent to the jury room when the jury during their deliberations asked for the exhibits. Hence, no error is shown in the admission in evidence of the statement dated December 16.

It is insisted that the state committed error during its cross-examination of a reputation witness of the appellant when state's counsel asked if he had heard that appellant cut the deceased on the wrist with a knife over his objection that the question implied that such act had been committed and left the impression on the jury that it was a proven fact.

In his written statement of December 14 which was introduced without objection, appellant states that he had cut the wrist of the deceased. His written statement of December 16 also recites the same fact. This contention presents no error.

The evidence supports the verdict of the jury, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.