**Bert Eugene FERRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38660.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Raeburn Norris, M. G. Nahas, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is felony theft; the punishment, enhanced under Art. 63, Vernon's Ann.P.C. by two prior convictions for felonies less than capital, is life imprisonment.

In 1953, appellant was convicted for theft of an automobile. He subsequently filed application for writ of habeas corpus in the District Court of the United States, Eastern District of Texas, alleging that he was without benefit of counsel at the time he was sentenced. Writ of habeas corpus was granted, the Federal Court holding that the sentence was void and ordering appellant's release unless he be properly re-sentenced within 30 days. Appellant was re-sentenced to life imprisonment by the Criminal District Court of Harris County on January 11, 1965, and he gave notice of appeal to this Court.

The record reveals that at about 8:40 p.m. on the evening of December 13, 1953, the wife of the alleged owner of the stolen automobile informed the Bellaire Police Department that the automobile had been stolen. She supplied the police officers with the license number of the stolen vehicle. At about 9:15 p.m. the same evening, two policemen in a patrol car saw an automobile bearing the same license number, and chased it for approximately two miles, with both vehicles traveling at a high rate of speed. As the police car pulled alongside the other vehicle, that vehicle slid to a halt, and the two occupants jumped out and fled in different directions. The officers apprehended one of the suspects, and reported by radio that the other occupant of the car, described as wearing khaki clothes, had escaped, and was running south on Post Oak Road. Another officer, Sergeant Jack O'Brien, apprehended appellant after hearing this radio message. Appellant was wearing khaki clothes, was walking south on Post Oak Road, and was apprehended about four blocks from the scene where the stolen car had been stopped.

The written statement of appellant, in which he admitted stealing the automobile, was introduced into evidence.

■ We find the evidence sufficient to support the jury's verdict of guilty.

Appellant contends that the trial court erred in admitting into evidence his confession because it was not voluntarily given. He further argues in his brief that his arrest without a warrant was illegal as it was not founded upon probable cause, and also that the confession was obtained after appellant had been in police custody for about 20 hours without being taken before a magistrate. He further complains that the trial judge made no independent determination as to the voluntariness of the confession, and did not charge the jury on that issue. We have carefully considered each of these allegations and determined that they are without merit.

■ Under the facts set out above, appellant's arrest without a warrant was clearly authorized under Article 215, Vernon's Ann.C.C.P.

■ The record shows that appellant was arrested on Saturday evening and was not taken before a magistrate prior to making his confession Sunday at about 6 p.m. It is the rule that the failure to carry an accused before a magistrate vitiates the confession only when there is some causal connection between such failure and the making of the confession. Smith v. State, 171 Tex.Cr.R. 313, 350 S.W.2d 344; Walker v. State, 162 Tex.Cr.R. 408, 286 S.W.2d 144, certiorari denied 350 U.S. 931, 76 S.Ct. 299, 100 L.Ed. 814. No such causal connection is shown in this record.

When appellant objected to the introduction of the confession, the careful trial judge retired the jury and allowed appellant to examine the state's witness as to whether or not the confession was obtained under duress. After hearing the evidence, the trial judge overruled appellant's contention that the confession was not a voluntary statement. A supplemental transcript has been filed containing findings by the trial judge on the issue of voluntariness of the confession, and he certifies that, at the conclusion of the hearing, the confession was admitted into evidence, he having found as a matter of law that it was voluntarily made, and the evidence having established beyond a reasonable doubt that it was freely and voluntarily given.

■ No objection to the introduction of the confession was made by appellant on the ground that it was an involuntary statement when the jury was returned to the jury box, following the hearing. Five of appellant's relatives testified that he had bruises and marks on his body, after the confession, sometime after the confession was taken, but there was not evidence that such marks were the result of injuries inflicted by police officers, or that such injuries, if there were any, were received while appellant was in jail. There was no evidence that the alleged injuries were at all connected with the making of the confession by appellant. There was uncontradicted testimony that appellant was not struck or mistreated while he was in police custody, and that his confession was voluntarily given. Appellant made no request that the jury be instructed to the effect that they could not consider the confession unless they believed beyond a reasonable doubt that it was voluntarily made, nor were there any objections to the court's charge. Under these circumstances, failure of the trial court to so instruct the jury was not error.

■ Appellant alleges that the trial court failed to appoint counsel for his 1953 appeal following his first sentencing, and that he was indigent and was therefore denied his constitutional right to the benefit of counsel. As appellant's 1953 sentence has

been voided, the appeal and order of affirmance by this Court were also voided. Holcombe v. State, Tex.Cr.App., 375 S.W.2d 914; Brown v. State, 171 Tex.Cr.R. 320, 349 S.W.2d 722. The issue is therefore moot as to whether appellant was denied counsel on his previous appeal in this case. On January 11, 1965, appellant was properly sentenced in the presence of his attorney, and gave notice of appeal. The record is now before us, and appellant is represented by most able counsel. We find no merit in this contention.

■ To secure enhancement of the punishment, proof was made by the state that appellant, in 1941 and 1949, was convicted of felonies less than capital. The record does not reflect the date the offense of forgery, for which appellant was convicted in 1949, was committed, and the evidence is therefore insufficient to show that the 1949 conviction was for an offense committed after the 1941 conviction became final. This proof was necessary to sustain a life sentence under Art. 63. Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383.

■ The judgment and sentence for the 1941 conviction reveal that appellant was convicted for robbery by assault, and that the conviction became final on January 11, 1941. This prior conviction for robbery by assault could be used by the state to enhance the punishment under Article 62, Vernon's Ann.P.C. as such is an offense of like character to the offense of felony theft. Thompson v. State, 170 Tex.Cr.R. 258, 339 S.W.2d 209, Dickey v. State, 169 Tex.Cr.R. 576, 336 S.W.2d 165. Art. 62 establishes such punishment as "the highest which is affixed to the commission of such offenses in ordinary cases." Ten years being the maximum punishment for the offense of felony theft, Article 1421, Vernon's Ann. P.C., the judgment and sentence are reformed to provide for appellant's confinement in the Texas Department of Corrections for a term of 10 years.

As reformed, the judgment is affirmed.