Ossie Lee **COLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42102.

Court of Criminal Appeals of Texas.

May 21, 1969.

Charles Dickens, Fort Worth, (On Appeal Only) for appellant.

Frank Coffey, Dist. Atty., Ronald H. Hill, Jr., William A. Knapp and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder with malice; the punishment, assessed by the jury, 20 years.

The appellant does not challenge the sufficiency of the evidence. The record shows that the appellant shot his estranged wife, Armentha, four times while they were seated in a car, with their six-year-old daughter between them, at a Dairy

Queen Drive-In in the City of Fort Worth on January 22, 1967.

In his first ground of error appellant contends the trial court erred in permitting the State to cross examine him as to extraneous and specific acts of gambling and wife-beating.

█ We cannot agree that the action of the prosecutor constituted a violation of Article 38.29, Vernon's Ann.C.C.P. or amounted to bad faith on his part.

On direct examination the appellant related the causes of his marital discord, i.e., his stepdaughter and the deceased's ex-sister-in-law, etc., and described the events on the night of their separation.

On cross-examination to show otherwise and to lay the predicate for possible impeachment the State elicited from the appellant that he had gambled in the past, though he denied that the gambling was the source of his marital difficulties. Then the following question was asked and answered:

"Q. And when you were out gambling and would come in and have lost some of your money, that's when you would jump on your wife and beat her up, isn't it?

"A. No sir, That's not true."

Upon a general inquiry or objection the court twice instructed the jury to disregard the question for any purpose and appellant made no request for further relief. See Hughes v. State, Tex.Cr.App., 433 S.W.2d 698.

Then the following transpired:

"Q. (By Mr. Hill) Did you ever beat or choke your wife?

"A. No sir.

"Q. You never choked her in your life?

"MR. CLYDE: He has answered, Your Honor.

"MR. HILL: It's cross examination, Your Honor.

"THE COURT: I will overrule your objection, Mr. Clyde.

"Q. (By Mr. Hill) You never choked her in your life?

"A. No, sir."

The State subsequently offered evidence to show that on the occasion of their separation the appellant had beaten and choked the deceased who had then left home with their daughter and subsequently filed suit for divorce.

█ When an accused takes the stand as a witness he is subject to the same rules as other witnesses and may be impeached. 1 Branch's Ann.P.C., 2d ed., Sec. 168, p. 170; Dunlap v. State, Tex.Cr.App., 150 S.W.2d 672.

█ Article 1257a, Vernon's Ann.P.C., expressly permits the State or the defendant in a homicide case to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide.

See also Brown v. State, 171 Tex.Cr.R. 320, 349 S.W.2d 722; Steward v. State, 127 Tex.Cr.R. 63, 75 S.W.2d 113.

In 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 616, it is written:

"The rule as to the exclusion of other offenses which go to show that the defendant is a bad man generally does not forbid evidence to show that he had made previous assaults upon the deceased or injured person, or upon third persons or others where such proof forms a relevant link in the chain of proof of the case on trial."

Further, we observe that subsequent to the complained of question appellant inquired into the same subject matter himself. Still further, substantially these same facts were proved by at least four other witnesses without objection. See Lewis v.

State, Tex.Cr.App., 438 S.W.2d 816; East v. State, Tex.Cr.App., 420 S.W.2d 414; Orozco v. State, 164 Tex.Cr.R. 630, 301 S. W.2d 634; 13A Tex.Digest, Criminal Law, 1169(2).

There is clearly no reversible error presented. Ground of error #1 is overruled.

Next, appellant complains of the trial court's action in excluding appellant's employment record at the hearing on punishment. Appellant had timely filed his application for probation. At the penalty stage of the bifurcated trial appellant called his employer, David Schultz, who testified that the appellant had been "steadily employed there since 1962" and that his general reputation for being a peaceful and law abiding citizen was good. The court refused, however, to permit the witness to relate the amount of appellant's earnings for each year from 1962 through 1967 and to testify that there had not been an unusual amount of "lay-off time." Appellant perfected his bill of exception.

In Allaben v. State, Tex.Cr.App., 418 S. W.2d 517, this Court said:

"Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any is also admissible." See now Article 37.07, V.A.C.C.P., as amended 1967.

The court in its charge at the penalty stage of the trial informed the jury that one possible condition of probation, if probation was recommended, could be that the appellant "[w]ork faithfully at suitable employment as far as possible." See Article 42.12, Sec. 6, V.A.C.C.P.

It appears that the court should have admitted the testimony excluded, but in light of the number of witnesses who testified he was a "good worker", a "steady worker," and a "hard worker," we cannot conclude that the trial court's action in sustaining the State's objection constitutes such error as to call for reversal. Allaben v. State, supra. See also Culvahouse v. State, Tex.Cr.App., 440 S.W.2d 637.

Finding no reversible error, the judgment is affirmed.