

**IN THE
TENTH COURT OF APPEALS**

—————————

**No. 10-13-00142-CR**

**JERMAINE LAMAR JONES,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

—————————

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-522-C2**

**MEMORANDUM OPINION**

A jury found Appellant Jermaine Jones guilty of murder and assessed his punishment at seventy-five years' imprisonment as a habitual felon. This appeal ensued. In his sole issue, Jones contends that the "trial court abused its discretion in admitting evidence of a prior violent act under Code of Criminal Procedure Article 38.36 and Texas Rules of Evidence 403 and 404(b)." We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

Article 38.36(a) of the Code of Criminal Procedure provides:

> In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

TEX. CODE CRIM. PROC. ANN. art. 38.36(a) (West 2005). The court of criminal appeals has stated that "[t]he nature of the relationship—such as whether the victim and the accused were friends, were co-workers, were married, estranged, separated, or divorcing—is clearly admissible under this Article." *Garcia v. State*, 201 S.W.3d 695, 702 (Tex. Crim. App. 2006). Further, "in some situations, prior acts of violence between the victim and the accused may be offered to illustrate the nature of the relationship." *Id.*

Evidence admitted under article 38.36 is still subject to rules 404(b) and 403 of the Rules of Evidence. *Smith v. State*, 5 S.W.3d 673, 679 (Tex. Crim. App. 1999). Under rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* "[I]n cases in which the prior relationship between the victim and the accused is a material issue, illustrating the nature of the relationship may be the purpose for which evidence of prior bad acts will be admissible." *Garcia*, 201 S.W.3d at 703. Under rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

"Consequently, if a defendant makes timely 404(b) or 403 objections, before a trial court can properly admit the evidence under Article 38.36(a), it must first find the non-character conformity purpose for which it is proffered is relevant to a material issue." *Smith*, 5 S.W.3d at 679. "If relevant to a material issue, the trial court must then determine whether the evidence should nevertheless be excluded because its probative value is substantially outweighed by the factors in [r]ule 403." *Id.*

Over Jones's objection,[1] victim Cedric "N-O" Robinson's girlfriend Kiara Degrate testified that Robinson and Jones had gotten into a dispute. On February 13, 2011, approximately ten months before Robinson was murdered, she and Robinson had been standing on the front porch of the apartment where they were staying when she noticed a white car sitting at the corner of the street. She mentioned the car to Robinson and told him that she thought they should go inside because she felt like something bad was going to happen. But before they could get inside, the white car turned in front of their apartment. Degrate stated that she saw Jones, who was in the front passenger seat, start shooting out of the back passenger window. She could not see who was driving, nor could she identify the person in the backseat. When she and Robinson finally got inside the apartment, Robinson said that he had been "grazed a little bit." She, however, had been struck with fragments of bullets in her arm and her hands and had to go to the

---

[1] The State initially argues that Jones failed to preserve his complaint for review. We assume without deciding that Jones's sole issue is preserved for review.

hospital. Degrate explained that she initially told the police she did not know who had shot at her because she was scared. Degrate said that she did not have any dispute with Jones; therefore, she "guessed" he was trying to shoot Robinson.

Jones first argues that Degrate's testimony about the drive-by shooting "was not relevant to the facts and circumstances surrounding the killing or the relationship between the defendant and the victim such that it revealed the defendant's state of mind at the time of the killing" because of "the significant period of time between the drive-by shooting and the killing." We disagree. As pointed out in *Reed v. State*, 644 S.W.2d 494, 499 (Tex. App.—Corpus Christi 1982, pet. ref'd), the Court of Criminal Appeals has approved the admission of evidence describing threats or assaults against the deceased occurring years before the offense. *See McClure v. State*, 430 S.W.2d 813, 815 (Tex. Crim. App. 1968); *Stephen v. State*, 163 Tex. Crim. 505, 293 S.W.2d 789, 790 (1956). The drive-by shooting described by Degrate, occurring only ten months before the murder, was therefore not too remote to be admissible.

Jones next argues that Degrate's testimony about the drive-by shooting was not relevant to prove motive or identity; rather, it merely showed "conformity with Mr. Jones's character toward violence." We again disagree. The Court of Criminal Appeals has held that "evidence of prior extraneous offenses committed against the victim of the offense charged, and indicating the existence of ill will or hostility toward the victim, is admissible as part of the State's case in chief as circumstantial evidence of the existence of a motive for committing the offense charged." *Foy v. State*, 593 S.W.2d 707, 709 (Tex. Crim. App. [Panel Op.] 1980); *see also Brandley v. State*, 691 S.W.2d 699, 706 (Tex. Crim.

App. 1985) ("[E]xtraneous transactions directed specifically toward a certain individual … can be relevant and admissible to show motive."). The trial court therefore could have reasonably concluded that the drive-by shooting described by Degrate indicated the existence of Jones's hostility or ill will toward Robinson and Jones's motive to later kill Robinson.

Finally, Jones argues that the probative value of Degrate's testimony about the drive-by shooting is substantially outweighed by its prejudicial effect. When a trial court balances the probative value of the evidence against its danger of unfair prejudice, a presumption exists that the evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990).

> [A] trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these factors may well blend together in practice.

*Newton v. State*, 301 S.W.3d 315, 319 (Tex. App.—Waco 2009, pet. ref'd) (quoting *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006) (footnote omitted)).

*Probative force of the evidence*: As stated above, Degrate's testimony about the drive-by shooting was an indication of the existence of Jones's hostility or ill will toward Robinson and circumstantial evidence of Jones's motive to later kill Robinson. This factor weighs in favor of admissibility.

*Proponent's need for that evidence*:  Jones states that the prosecution had at least some evidence toward the requisite elements of the offense of murder.  Indeed, witnesses identified Jones as the person who shot Robinson.  And Jones's ex-girlfriend confirmed that Jones and Robinson had been in a dispute.  But Jones challenged the credibility of the witnesses who testified against him.  In his closing argument, Jones's counsel stated:  "And I think your job is basically this ….  Your job is to decide who's telling you the truth, if you believe anybody's telling you the truth."  The State thus needed Degrate's testimony about the drive-by shooting to show the relationship between Jones and Robinson.  The State needed Degrate's testimony to show that Jones had such hostility or ill will toward Robinson that he had previously attempted to shoot him in a drive-by shooting.  This factor thus weighs in favor of admissibility.

*Tendency of evidence to suggest a decision on an improper basis*:  The trial court gave a limiting instruction for extraneous-offense evidence in the jury charge.  We generally presume the jury follows the trial court's instructions in the manner presented.  *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  Thus, the extraneous-offense evidence had limited potential to impress the jury in an irrational way.  This factor does not weigh in favor of exclusion of the evidence.

*Jury confusion or distraction, undue weight, and amount of time or repetition*:  These factors concern whether presentation of the evidence consumed an inordinate amount of time or was repetitious, and the evidence's tendency to confuse or distract the jury or to cause the jury to place undue weight on its probative value.  *See Gigliobianco*, 210 S.W.3d at 641-42; *Newton*, 301 S.W.3d at 320.  Degrate's entire testimony consisted of

only thirteen pages of the reporter's record.  It was not repetitious, and we do not believe that it could cause jury confusion or distraction or cause the jury to give it undue weight, especially given the trial court's limiting instruction.  All of these factors thus favor admission.

Rule 403 "envisions exclusion of [relevant] evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'"  *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)).  We cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the extraneous-offense evidence and its probative value.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in admitting Degrate's testimony under Code of Criminal Procedure article 38.36 and Rules of Evidence 403 and 404(b).  We overrule Jones's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 17, 2014
Do not publish
[CRPM]