

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,089-01

### In re STATE OF TEXAS, ex rel. BRIAN W. WICE, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS AGAINST THE FIRST COURT OF APPEALS

**KELLER, P.J., filed a dissenting opinion in which KEEL, J., joined.**

### <u>DISSENTING OPINION</u>

A district judge in Collin County recused himself from this case without agreeing to have another judge hold court for him. The presiding judge of a different administrative region then entered an order furnishing a new judge (Judge Gallagher), for a specific time period, to the region encompassing Collin County. The presiding judge of the Collin County region then appointed Judge Gallagher to this case. But the time authorized by the order from Judge Gallagher's presiding judge for Judge Gallagher to sit in the Collin County region expired before he ruled on a motion to change venue. Was Judge Gallagher nevertheless empowered to remain on this case under the theory that he was holding court for another judge pursuant to the Texas Constitution? Did the Texas

Constitution authorize the presiding judge of the Collin County region to agree, on behalf of the Collin County district judge who recused himself, to allow a district judge in a different region to hold court in Collin County? The Court answers those questions "yes," implying that the regional presiding judge stands in the shoes of the Collin County judge. But the Court cites no authority for that proposition and acknowledges that it is "harmonizing" various sources of law. I would deny mandamus relief because mandamus does not lie in criminal cases to settle unsettled law.

The relevant provision of the Texas Constitution says: "And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."[1] There is authority suggesting that this provision allows two district judges, from anywhere in the state, to agree that one of them will sit in the other's district to preside over cases.[2] But that is not what happened here.[3] There was no agreement between Judge Gallagher and the Collin County district judge about Judge Gallagher holding court in Collin County. The regional presiding judge for the region including Collin County was not the elected judge of the district in the

---

[1] TEX. CONST. art. V, § 11.

[2] *See Sanchez v. State*, 365 S.W.3d 681 (Tex. Crim. App. 2012) ("district court judges are allowed to exchange benches without geographical restrictions"); *Randel v. State*, 153 Tex. Crim. 282, 296, 219 S.W.2d 689, 697 (1949) ("The expression, 'when they deem it expedient,' as contained in the constitution and in the statute above mentioned, confers upon district judges broad discretionary powers to exchange benches or hold court for each other. No limitation as to time, place, or occasion when the exchanges of benches might occur has been fixed."). *But see Pinnacle Gas Treating, Inc. v. Read*, 160 S.W.3d 564, 566 (Tex. 2005) ("the right of district judges to exchange benches assumes that they already have concurrent jurisdiction over the same cases in a common county").

[3] *Cf. Lopez v. State*, 120 Tex. Crim. 393, 394, 49 S.W.2d 462, 462 (1932) ("The record shows that because of the disqualification of the regular judge of the district, an exchange of judges was agreed upon, and that the judge of the One Hundred and Third Judicial District of Texas presided upon the trial of this case. We see no irregularity or error in this procedure. In case of an exchange of benches by regular judges, no formal qualification upon exchange is necessary.").

Collin County case. The Constitutional provision that says when "they" may deem it expedient suggests mutual consent by the two district judges involved. The Texas Constitution does not expressly allow a regional presiding judge to vicariously agree, on behalf of a recused district judge, to allow another district judge to sit in the recused judge's place. Statutory provisions do give the regional presiding judge the authority to assign another judge after disqualification or recusal, but then the statutory scheme must be followed.

The statute provides:

(a) A presiding judge from time to time shall assign the judges *of the administrative region* to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.

(b) The presiding judge of one administrative region may request the presiding judge of another administrative region to *furnish* judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request.[4]

The statute confers authority–via subsection (a)–on the presiding judge of an administrative region to assign judges in his region to hold court in any county in his region. The statute does not purport to confer freestanding authority to assign judges from *other* regions to cases in the presiding judge's region. But subsection (b) allows the presiding judge of one administrative region to furnish judges to another administrative region. Once a judge has been "furnished" to another region, that judge can then be assigned to a case by the presiding judge of the transferee region. At least arguably, the authority conferred by subsection (b) to "furnish" judges confers power on the transferring presiding judge to dictate the outer limits of the time the furnished judge will be available in the transferee region. Under that construction, an order of the regional presiding judge

---

[4] TEX. GOV'T CODE § 74.056(a), (b) (emphasis added).

of the transferee region cannot authorize a period of time longer than that allowed by the order of the regional presiding judge of the transferring region.[5]

Subsection (b) says that a presiding judge "may" request a presiding judge from another region to furnish a judge. The Court says that subsection (b) is permissive because it uses the word "may." But the word "may" is sometimes–perhaps more typically–used to authorize a judge to act, rather than to mean that he can choose whether or not to act.[6] Subsection (b) is the only thing that gives a regional presiding judge the authority to use a judge from outside his region. Without subsection (b), all the presiding judge could do is shift around judges within his region (under the explicit language of subsection (a)).

Also, the Court seems to conflate the constitutional and statutory requirements. The Court says that a regional presiding judge has the power under statute to assign a judge to any bench in his region. The Court then says that this statutory authority cannot detract from a district judge's constitutional authority and then concludes that once an active elected district judge is assigned to a case, that assignment cannot end without that district judge's consent. But that is not what the statute or the Constitution says. The statute allows a judge to be assigned to a particular district court even without the consent of the judge of that district court, but nothing in the statute or the constitutional provision purports to allow an assignment to continue without consent of the judge of that court after the period of the assignment—or the period for which he was furnished to the

---

[5] The Court refers to three "assignment" orders, but it would be more precise to say that there are two "furnishing" orders from Judge Evans (Judge Gallagher's regional presiding judge) and one "assignment" order from the Judge Murphy (the regional presiding judge over the region that encompasses Collin County).

[6] *Stredic v. State*, 663 S.W.3d 646, 655 (Tex. Crim. App. 2022).

region if that happened—has expired. The Constitutional provision appears to require mutual consent—one district judge can sit for another if *both* consent. Here, mutual consent was lacking. Even assuming that Judge Gallagher agreed, there was no consent from the elected district judge in Collin County. The question is whether the regional presiding judge can consent on the Collin County district judge's behalf, and that question is unsettled—or at least was until today.

When the order furnishing Judge Gallagher had expired, he could have sought consent to continue to sit on the case from the Collin County district judge, who, incidentally, was no longer Judge Oldner. Had he received the new Collin County district judge's consent, he would have indisputably secured the authority to sit on the case, and I would not be dissenting today. But he did not do that.

Even when the facts are undisputed, mandamus will not lie in a criminal case to resolve a hotly-contested unsettled question of law.[7] An issue of first impression can nevertheless be one of "settled" law if based on an unambiguous statute.[8] The same could probably be said for an unambiguous constitutional provision. But as explained earlier, the constitutional provision does not unambiguously confer on a regional presiding judge the authority to vicariously agree, on behalf of a recused district judge, to allow another judge to hold court for the recused judge. An issue can also be considered "settled" if "the combined weight of our precedents clearly establishes the proposition of law on which relief is predicated."[9] But the Court cites no case supporting its conclusion that a regional presiding judge can vicariously agree to allow the holding of court by a

---

[7] *Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009).

[8] *In re State ex rel. Ogg*, 618 S.W.3d 361, 363 (Tex. Crim. App. 2021).

[9] *Id.* (internal quotation marks omitted).

different district judge under the Texas Constitution. Because the law is unsettled, mandamus relief

is inappropriate.[10]

I respectfully dissent.

Filed: June 14, 2023
Publish

---

[10] The State has other grounds for mandamus relief, but they are also without merit. The Court has rejected the State's law-of-the-case argument, and the Court's discussion of the preservation argument suggests that it is also without merit. Because this is a dissent, I do not further detail my reasoning on these grounds.